**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ANGEL PICHARDO-MARTINEZ,**
       **Plaintiff,**
v.                                                 **Civil Action No. 3:19-CV-70
(GROH)**

**U.S. MARSHALS SERVICE,
LAKE COUNTY JAIL,
LAKE COUNTY SHERIFF DEPARTMENT,
LAKE COUNTY JAIL MEDICAL STAFF, and
LAKE COUNTY JAIL SHIFT COMMANDER,**
       **Defendants.**

## REPORT AND RECOMMENDATION

On May 3, 2019, the plaintiff initiated this action by filing a civil rights complaint on the Court-approved form, a memorandum of law and various exhibits, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983, and authorized suits against federal employees in their individual capacities. ECF Nos. 1, 1-1, 1-2. Also on May 3, 2019, Plaintiff filed a motion to proceed without prepayment of fees, a consent[1] to collection of fees from trust account, a Prisoner Trust Account Report ("PTAR") and ledger sheets. ECF Nos. 2, 3, 4, 4-1. This matter is before the undersigned for an initial review and report and recommendation pursuant to the Local Rules of Prisoner Litigation Procedure ("LR PL P") 2, et seq., and 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

---

[1] Although Plaintiff filed his consent, he did not sign the document. ECF No. 3.

## I.  THE COMPLAINT

In his complaint, the plaintiff names as defendants: the United States Marshal Service, an agency of the federal government; the Lake County[2] Jail; Lake County Sheriff Department; Lake County Jail Medical Staff; and Lake County Jail Shift Commander on duty between February 10, 2016 to April 19, 2016.

Plaintiff alleges that he was arrested by the United States Marshals Service on September 11, 2015, transferred to the Lake County Jail on October 2, 2015 and returned to the custody of the United States Marshals Service on April 19, 2016.  Plaintiff alleges he suffered an eye injury while in Lake County Jail.  ECF No. 1-1 at 2.  Plaintiff claims he complained to Lake County officials about his injury numerous times, but received inadequate medical care.  Id.  Plaintiff further claims that after he was transferred back to United States Marshals Service custody on April 19, 2016, he was given a medical exam which confirmed the eye injury, which was not present when he was transferred to Lake County.  Id.

According to the plaintiff's complaint, if he had promptly received proper medical care from Lake County officials, he likely would not have suffered any impairment to his vision.  Id. at 3.  Further, Plaintiff claims it was the responsibility of the United States Marshals Service to perform an investigation of his eye injury and hold state officials or agencies responsible for the same.  Id. at 4.  For relief, Plaintiff seeks $2,000,00.00 in damages.  Id.

---

[2] Although the complaint does not clearly state where Lake County is located, a review of the attachments to the complaint shows that the Lake County Sheriff's Office is located in Painesville, Ohio. ECF No. 1-2 at 9.

## II. LEGAL STANDARD

### A. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless." Id.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

**B.     Civil Rights Actions Under Bivens.**

In Bivens, supra, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents. In FDIC v. Meyer, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a Bivens claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts." Id.  See Correctional Services Corp. v. Malesko, 534 U.S. 61, 71 (2001).

**C.     Improperly Named Defendants**

Pursuant to Bivens, an individual federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[4] [have] the additional pleading requirement that the 'complaint

---

[4] The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

4

contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

### III. ANALYSIS

#### A. Improperly Named Defendants

A Bivens cause of action cannot be brought against an individual actor who is not a federal employee or agent, and specific allegations must be brought against each named actor. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'"). Nor may a Bivens action be brought against a federal agency. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Plaintiff has failed to name an individual federal employee or agent. Further, Plaintiff has named a federal agency, the United States Marshals Service as a defendant herein. Under the clear holding of FDIC v. Meyer, a federal agency is not a proper defendant in a Bivens action, and accordingly, Plaintiff has failed to state a claim upon which relief can be granted against the United States Marshals Service.

As for the remaining named defendants, Plaintiff has named a number of Ohio state agencies, and an unknown Ohio state shift commander as defendants. Although it is possible that Plaintiff may have a claim against such defendants in another action, state agents are improperly named as defendants in a Bivens action. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against the Lake County Jail, Lake

County Sheriff Department, Lake County Jail Medical Staff, and Lake County Jail Shift Commander on duty between February 10, 2016 to April 19, 2016.

**B.     Statute of Limitations**

Further, it appears that Plaintiff's claims are time barred.  Because there is no statute of limitations for <u>Bivens</u> actions, the Court must look to Ohio law.  <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985) ("When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.")  Therefore, Ohio's two-year, personal injury statute of limitations applies to the petitioner's civil rights claims.  <u>See</u> <u>Nadra v. Mbah</u>, 119 Ohio St. 3d 305, 306, 893 N.E.2d 829, 830 (2008) (Internal citations omitted) ("The United States Supreme Court has instructed that in Section 1983 actions, courts must apply a state's general or residual statute of limitations that governs personal-injury actions. We hold that R.C. 2305.10, which contains a two-year limitations period, is Ohio's general statute of limitations governing personal injury in Ohio.")

In this case, the plaintiff alleges events that occurred between October 2, 2015 and April 19, 2016 in Lake County, Ohio, caused him to have possible permanent vision loss.  It is clear from the complaint that the plaintiff was aware of the actions or inactions of the medical staff from at least April 19, 2016.  Moreover, the plaintiff indicates that on numerous occasions he reported his eye injury to Lake County officials while he was incarcerated in Lake County Jail, demonstrating that he was aware of the injury prior to April 19, 2016.  ECF No. 1-1at 2.  Despite this knowledge, the plaintiff did not file a complaint with this Court until May 3, 2019, well beyond the two-year statute of limitations.

The statute of limitations is an affirmative defense, which means that the defendant generally bears the burden of affirmatively pleading its existence. See Fed.R.Civ.P 8(c); Dean v. Pilgrim's Pride Corp., 395 F.3d 471, 474 (4th Cir. 2005) ("the rasing of the statute of limitations ...constitutes an affirmative defense.") Moreover, where a defendant has failed to raise a statute of limitations defense by way of its answer, the defense is usually waived. See Peterson v. Air Line Pilots Ass'n Int'l, 759 F.2d 1161, 1664 (4th Cir. 1985). Because the statute of limitations is a waivable defense, its restrictions are not jurisdictional in nature, and in an ordinary civil case, "the district court should [refrain] from raising and considering the statute of limitations defense *sua sponte*." Eriline Company S.A. v. James P. Johnson, 440 F.3d 648, 657 (4th Cir. 2006).

However, the Fourth Circuit has also recognized that the statute of limitations may be addressed *sua sponte* when such a defense appears on the face of either a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254, see Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), or a complaint filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, see Nasim v. Warden, Md. House of Corrections, 64 F.3d 951, 953-54 (4th Cir. 1995). In Nasim, the Court concluded that, in evaluating a complaint filed *in forma pauperis* pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense. See 64 F.3d at 943-54. In reaching this conclusion, the Court observed that, in eliminating the requirement for paying costs, § 1915 removed "any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," and therefore presented the potential to overburden the judicial system with patently meritless lawsuits. Id.

7

Moreover, § 1915 requires a district court to screen initial filings and directs a district court to dismiss a complaint filed *in forma pauperis* "at any time if the court determined that...the action or appeal...is frivolous or malicious...[or] fails to state a claim on which relief may be granted." § 1915(3)(2)(B)(I)-(ii). Accordingly, the Court explained that this screening authority distinguishes *in forma pauperis* suits and establishes a justification for an exception to the general rule that a statute of limitations defense should not be raised and considered *sua sponte*. Id. at 953-54. See Street v. Vose, 936 F.2d 38, 39 (1st Cir.1991), *cert. denied,* 502 U.S. 1063 (1992) (the affirmative defense of the statute of limitations may justify dismissal under section 1915(d)); Pino v. Ryan 49 F.3d 51, 53-54 (2d Cir. 1995) (concluding that district court can raise statute of limitations defense *sua sponte* in evaluating complaint filed pursuant to § 1915); Castillo v. Grogan, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious). Other Courts of Appeals have held that dismissals under section 1915 because of other affirmative defenses appearing on the fact of the complaint. See Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986) (immunity); Moore v. Burger, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (same); Johnson v. Reagan, 524 F.2d 1123, 1124 (9th Cir. 1975) (same); Wilson v. Lynaugh, 878 F.2d 846, 851 (5th Cir. 1989) (res judicata), *cert. denied,* 493 U.S. 969 (1989); see also Clark v. Georgia Pardons and Parold board, 915 F.2d 636, 640 & n. 2 (11th Cir. 1990) (dictum concerning affirmative defenses generally).

Accordingly, even if the plaintiff might have a civil rights cause of action, it is apparent on the face of the complaint that the statute of limitations for bringing this Bivens

claim expired before he filed this action. Therefore, the complaint should be dismissed on initial screening for failure to state a claim upon which relief may be granted.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as

reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 6, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE