# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANGEL PICHARDO-MARTINEZ,**

    Plaintiff,

v.                                      **CIVIL ACTION NO.: 3:19-CV-70 (GROH)**

**U.S. MARSHAL SERVICE,**
**LAKE COUNTY JAIL,**
**LAKE COUNTY SHERRIFF DEPARTMENT,**
**LAKE COUNTY JAIL MEDICAL STAFF, and**
**LAKE COUNTY JAIL SHIFT COMMANDER,**

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 6] on May 6, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's complaint [ECF No. 1] be dismissed with prejudice.

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and

of a Plaintiff's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Plaintiff on May 6, 2019. ECF No. 6. The Plaintiff accepted service on May 10, 2019. ECF No. 8. The Plaintiff filed his objections on May 28, 2019. ECF No. 9. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

## II. Discussion

In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's complaint be dismissed for two reasons. First, Magistrate Judge Trumble recommends that the complaint be dismissed because the Defendants are improperly named. ECF No. 6 at 5. Next, he recommends that the Plaintiff's complaint be dismissed because the Plaintiff's claims are time barred. Id. at 6. These issues will be addressed in turn.

### A. Improperly Named Defendants

First, Magistrate Judge Trumble recommends that the Plaintiff's complaint be dismissed because the Defendants are improperly named. In a Bivens action, claimants may assert a cause of action for damages against individual federal agents, not entire federal agencies. FDIC v. Meyer, 510 U.S. 471, 484-86 (1994). In this case, the Plaintiff names several state actors and one federal agency as Defendants. As to the state actors, Bivens is plainly improper as Bivens applies to federal actors only. The

Plaintiff does not contest this finding of law in his objections. Accordingly, the claims against these state actors must be dismissed.

As to the federal agency, the Plaintiff names the United States Marshals Service as a Defendant. It is clear that Bivens does not apply to federal agencies, as a plaintiff can only "bring a Bivens claim against the offending individual officer . . . not . . . against the officer's employer, the United States, or the BOP." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001). Nevertheless, the Plaintiff argues that the claims should not be dismissed because the offending marshals' names could be determined in the course of discovery. ECF No. 9 at 2. However, the Plaintiff does not name individual marshals as Defendants—he explicitly names the United States Marshals Service. If the individual marshals' names are unknown, the Plaintiff could have named "unknown United States Marshals" in the marshals' individual capacity. Because the Plaintiff did not do so, the Plaintiff's argument is without merit, and the complaint must be dismissed for improperly named Defendants.

### B. Statute of Limitations

Moreover, even if the Plaintiff had properly named the Defendants in this action, the complaint must still be dismissed because the Plaintiff's claims are time barred. The statute of limitations for a Bivens action is derived from state law. See Wilson v. Garcia, 471 U.S. 261, 266-67 ("When Congress has not established a time limitations for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.") Ohio's two-year, personal injury statute of limitations applies to the Plaintiff's civil rights claims. See Nadra v. Mbah,

893 N.E.2d 829, 830 (Ohio 2008) (internal citations omitted) ("The United States Supreme Court has instructed that in Section 1983 actions, courts must apply a state's general or residual statute of limitations that governs personal-injury actions. We hold that R.C. 2305.10, which contains a two-year limitations period, is Ohio's general statute of limitations governing personal injury in Ohio.").

In this case, the alleged events occurred between October 2, 2015 and April 19, 2016. Accordingly, the Plaintiff should have filed his claim on or before April 19, 2018. Because this action was filed on May 3, 2019, nearly one year after the statute of limitations had run, the Plaintiff's claims are time barred. Nevertheless, the Plaintiff argues that his failure to file him claims within the statute of limitations should be excused because he has been "in transit." ECF No. 9 at 2. Therefore, the Plaintiff argues that he could not file his claims because "he would have never received a response or said response would have been lost in transit." Id. However, prisoners are often moved from one institution to the next. This does not prevent a prisoner from filing a legal action. In fact, this Court's local rules explicitly account for the fact that prisoners are regularly moved to new facilities. See LR PL P. 6 ("Notification of a prisoner's change of address must be accomplished by filing a Notice with the Clerk of Court"). The Plaintiff cannot overcome the fact that his claims were filed more than a year after the expiration of the statute of limitations. Therefore, the claims must be dismissed because they are time barred.

### III. Conclusion

Accordingly, upon careful review of the R&R, it is the opinion of this Court that

Magistrate Judge Trumble's Report and Recommendation [ECF No. 6] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. The Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2] is **DENIED AS MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** June 7, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE